IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE APPLICATION FOR ORDER TO ) <br> OBTAIN EVIDENCE PURSUANT TO ) <br> LETTER ROGATORY FROM ) <br> BANKRUPTCY COURT OF FIRST ) <br> INSTANCE OF URUGUAY. ) | Case No. |

**PETITION FOR ORDER TO OBTAIN EVIDENCE IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

Pursuant to 28 U.S.C. § 1782(a), Seaboard Corporation, through its undersigned counsel, requests that the Court issue an order to obtain evidence from a resident of this district in aid of a foreign proceeding pursuant to a Letter Rogatory issued by the Judge in that foreign proceeding. In support of this request, Petitioner alleges and states as follows:

1. Petitioner Seaboard Corporation ("Seaboard") is a Delaware corporation with its principal place of business in Merriam, Kansas.

2. Seaboard and certain of its affiliates are respondents in a bankruptcy proceeding pending in Montevideo, Uruguay, relating to Cereoil Uruguay SA ("Cereoil"), a bankrupt Uruguayan agricultural firm in which Seaboard owns an indirect minority equity interest. This bankruptcy proceeding seeks, *inter alia*, to hold the respondents therein responsible for Cereoil's shortfall of assets compared to its liabilities due to alleged improper actions by the respondents.

3. The bankruptcy proceeding is pending before the Uruguayan Bankruptcy Court of the First Instance, 1st Term, under the caption A.U.P.E. v. Seaboard (Uruguay) Holdings Ltd. et al. – Proceedings for Reimbursement of Bankrupt's Estate, Docket No. 40-35/2018 (the "Bankruptcy Proceeding"). Copies of the pleading initiating the Bankruptcy Proceeding (in the original Spanish and an English translation) are included as attachments to the Letter Rogatory submitted as Exhibit A to the attached Declaration of Counsel in support of this Petition (the

"Declaration").

4. David Dannov, a resident of Fairway, Kansas and President of Seaboard's Overseas Trading Group, served as one of five members of the Board of Directors of Cereoil during certain times relevant to the Bankruptcy Proceeding. Mr. Dannov works at Seaboard's principal office in Merriam, Kansas.

5. Upon the motion of Uruguayan counsel for the respondents in the Bankruptcy Proceeding (including the Petitioner here, Seaboard), the presiding Judge in Uruguay has issued the Letter Rogatory attached to the Declaration as Exhibit A requesting the assistance of this Court in obtaining evidence relevant to the Bankruptcy Proceeding from Mr. Dannov.

6. The Letter Rogatory seeks testimonial responses from Mr. Dannov to thirty-two interrogatories (some with subparts) that have been translated from the original Spanish to English.

7. The Letter Rogatory further authorizes the undersigned counsel to attend and appear at the proceeding in which the testimony is given, for the sole purpose of "ask[ing] clarifying questions regarding the questions included in the interrogatory…."

8. The Uruguayan Court has given the Respondents in the Bankruptcy Proceeding until August 31, 2022, to obtain the requested evidence from Mr. Dannov and to submit it to the Uruguayan Court.

9. This Court has personal jurisdiction over Mr. Dannov because he resides and works in this judicial district. Mr. Dannov is not subject to the subpoena power of the Uruguayan court.

10. This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 because it arises under federal law, namely 28 U.S.C. § 1782.

11.    In the Letter Rogatory, the Uruguayan court indicates its offer of "reciprocity in similar cases."  Declaration Exhibit A, pdf p.64.

12.    The thirty-two interrogatories included with the Letter Rogatory are related to the subject matter of the Bankruptcy Proceeding and are not unduly intrusive or burdensome.

13.    Petitioner submits that the process suggested by the Letter Rogatory most closely resembles a Deposition Upon Written Questions pursuant to Fed. R. Civ. P. 31, with counsel permitted to ask follow-up questions of clarification.

WHEREFORE, Petitioner Seaboard respectfully prays that the Court require production of the evidence requested in the Letter Rogatory, and issue an order for Mr. Dannov to appear for a Deposition By Written Questions (subject to clarifying questions by the undersigned counsel) at a convenient time and location to be arranged on or before August 5, 2022.  A memorandum of law in support of this request and proposed order are being filed simultaneously with this Petition.

Date:  May 24, 2022

Respectfully submitted,

STINSON LLP

By:  /s/ Sean W. Colligan
Sean W. Colligan, Kan. No. 25727
Christopher B. Sevedge, Kan. No. 27714
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106-2150
Telephone:  (816) 842-8600
Telefax:  (816) 691-3495
sean.colligan@stinson.com
christopher.sevedge@stinson.com

*Attorneys for Petitioner, Seaboard Corp.*