IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE APPLICATION FOR ORDER TO ) | |
| OBTAIN EVIDENCE PURSUANT TO ) | |
| LETTER ROGATORY FROM ) | |
| BANKRUPTCY COURT OF FIRST ) | Case No. |
| INSTANCE OF URUGUAY. ) | |

**MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO OBTAIN EVIDENCE IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

**Nature of Matter**

Seaboard Corporation ("Seaboard") submits this memorandum in support of its Petition for an order to obtain evidence pursuant to a Letter Rogatory issued by the Bankruptcy Court of First Instance of Uruguay.

**Facts**

Cereoil Uruguay S.A. ("Cereoil") is a grain company in Uruguay in which a Seaboard affiliate purchased an indirect minority interest as of May, 2015. (Petition Exhibit A, Seaboard Reply at pp. 27-32, located at Exhibit A pdf pp. 187-192.) Seaboard's subsidiary had the right to appoint two of Cereoil's five directors during the period of its minority ownership. (*Id.*, Seaboard Reply at pp. 42-44, located at Exhibit A pdf pp. 202-204.) One of the directors appointed to Cereoil's board by Seaboard's subsidiary was David Dannov, the President of Seaboard Overseas Trading Group. (Pet. Ex. A, Receiver Complaint at pp. 4-5, located at Exhibit A pdf pp. 140-41.) Mr. Dannov is a resident of Fairway, Kansas. Petition at ¶ 4.

Mr. Dannov and the other minority-appointed director filed a petition in Uruguay to place Cereoil in bankruptcy in September, 2016. In 2018, Cereoil's bankruptcy Receiver filed a proceeding against (among others) Seaboard and certain of its affiliates alleging that they used the affiliate's minority shareholder and director positions to exert *de facto* control over Cereoil.

1

(Pet. Ex. A, Receiver Complaint pp. 11-12, located at Exhibit A pdf pp. 147-48.) The Receiver's action alleges, among other things, that the Seaboard entities used their *de facto* control to cause Cereoil to prefer Seaboard entities over others in its fulfillment of grain contracts, which in turn deepened or caused the insolvency that led to the bankruptcy. *Id.* This action seeks to claw back the proceeds of those grain purchase agreements. *Id.* Seaboard and its affiliates dispute the Receiver's allegations and assert, among other things, that the founder and majority shareholder of Cereoil, William Johnson, maintained control of the Board and the company at all material times. (*See, e.g.,* Pet. Ex. A, Seaboard Reply at pp. 4-5, located at Exhibit A pdf pp. 140-41.)

The Uruguayan Bankruptcy Court presiding over the Receiver's proceeding against Seaboard has issued a Letter Rogatory seeking testimonial responses from Mr. Dannov to 32 interrogatories. (Pet. Ex. A at pdf pp. 127-29.) The interrogatories seek information about Mr. Dannov's service on the Cereoil Board; the identity and holdings of Cereoil's shareholders; the Cereoil Board's composition and functioning during his tenure; the nature of Cereoil's business and financing; who controlled Cereoil's operations; and Cereoil's dealings with Seaboard affiliate Seaboard Overseas Limited.

**Question Presented**

Whether the Court should grant the Petition and issue an order to obtain the evidence sought by the Letter Rogatory from the Uruguayan Court.

**Law and Argument**

Federal law grants the Court discretion to order discovery in aid of a foreign proceeding. Under 28 U.S.C. § 1782(a):

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal…. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the

> application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

This statute authorizes, but does not require, federal courts to grant a request for discovery of evidence in the U.S. for a non-U.S. proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). The materials sought need not be discoverable under the foreign jurisdiction's rules or even under U.S. discovery rules for an order to issue under § 1782, though the statute expressly requires that applicable privileges be respected. *Id.* at 260-63.

In determining whether to exercise its discretion to grant a § 1782 application, the Court may consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country"; and whether the requests are "unduly burdensome or intrusive[.]" *Id.* at 264-65.

Each of these factors favors issuing the requested order here. The foreign tribunal is a bankruptcy court presiding over a pending adversarial proceeding, not simply an investigative matter as was the case in *Intel Corp.* (though the Supreme Court found that even the investigative matter at issue there could justify issuance of a § 1782 order). The Uruguayan Bankruptcy Court seeking this Court's assistance has expressly indicated its amenability to assisting a U.S. federal court with discovery of evidence in similar cases. (Pet. Ex. A, Letter Rog. at p. 4, located at Exhibit A pdf p. 125) ("offering reciprocity for similar cases"). The Uruguayan Court's issuance of the Letter Rogatory indicates that there has been no effort to circumvent foreign proof-gathering restrictions or other policies of Uruguay. And the requests are specified in thirty-two interrogatories on issues plainly relevant to the foreign bankruptcy

proceeding, including who exercised control over the operations of the bankrupt company, Cereoil. The requests are not unduly burdensome or intrusive.

The factors outlined by the Supreme Court favor issuance of the requested order under 28 U.S.C. § 1782. Accordingly, the Court should grant the relief requested in the Letter Rogatory and the Petition.

WHEREFORE, Petitioner Seaboard respectfully prays that the Court require production of the evidence requested in the Letter Rogatory, and issue an order for Mr. Dannov to appear for a Deposition By Written Questions (subject to clarifying questions by the undersigned counsel) at a convenient time and location to be arranged on or before August 5, 2022. A proposed order is submitted as Attachment A to this Memorandum.

Date: May 24, 2022

Respectfully submitted,

STINSON LLP

By: */s/ Sean W. Colligan*
Sean W. Colligan, Kan. No. 25727
Christopher B. Sevedge, Kan. No. 27714
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106-2150
Telephone: (816) 842-8600
Telefax: (816) 691-3495
sean.colligan@stinson.com
christopher.sevedge@stinson.com

*Attorneys for Petitioner, Seaboard Corp.*

174459387